# IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX. REL )<br>JOHN R. PITTS, JR. )<br>Petitioner )<br>) NO. 13C2937<br>)<br>V. )<br>)<br>) Honorable Rebecca R. Pallmeyer<br>RICK HARRINGTON, WARDEN ) Judge Presiding<br>MENARD CORRECTIONAL )<br>Respondent ) | FILED<br>AUG 19 2014<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

## MOTION REQUESTING FINAL JUDGMENT

Petitioner, John R. Pitts, Jr., hereby requests of this Honorable Court to render a final judgment against Respondent Rick Harrington, warden of Menard Correctional, according to 28 U.S.C. 2254(d)(1) which governs the granting of a writ of habeas corpus for applicants in state custody.

Petitioner states that:
1. Petitioner filed federal writ of habeas corpus on April 18, 2013.
2. Respondent was ordered to answer or plead to petition within twenty-one (21) days on **June 10, 2013**.
3. Respondent answers petition on August 31, 2013. Petitioner granted leave to reply in support of petition.
4. Petitioner replies to Respondents answer to petition on September 14, 2013.

Petitioner further states that:
A. Petitioner was denied due process and a full and fair hearing to litigate the lack of probable cause for the issuance of warrants during motion hearing to quash arrest and suppress evidence.

Detective Cammack of the Joliet Police Department testified that on December 5, 2006, Ms. Jetaime Reese had positively identified petitioner from a photo array shown her. Ms. Reese never testified at hearing or at any time

It was the prosecution's obligation to call Ms. Reese as the declarant to corroborate alleged ID. Federal Rules of Evidence: 801(d)(1)(c), which Illinois follows in Section 725 ILCS 5/115-12.

The guarantee of due process of law extends to every governmental proceeding that may interfere with personal or property rights or interest- U.S.C.A. Constitution Amendment 14th.

Due process violation was material where the state has denied a defendant the opportunity to defend against accusations and the guaranteed right to confront and cross-examine the witness. U.S.C.A. Constitution Amendment 6 and 14 Crawford v. Washington also Pointer v. Texas.

"The Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to **probe and expose infirmities (such as witness forgetfulness, confusion, or evasion)** through cross examination, thereby calling to the fact finder's attention the reason for giving scant weight to the witness' testimony" (U.S. v. Watson, 76 F.3d 4).

Any hearing that lacks the fundamentally basic rights of a defendant to defend against accusations and **be denied their guaranteed right to confront and cross examine the witness** against them, fails to adhere to the full and fair requirement that is demanded under the Constitution and the AEDPA, U.S.C.A. Constitution Amendment 6th and 14th.

The Confrontation Clause targets only that testimony that contains accusations against the defendant (Ryan v. Miller, 303 F.3 231)
The Fourth Amendment **guarantees that a state court "must provide a fair and reliable determination of probable cause"** Lawhorn v. Allen, 519 F.3d 1272 (2008)

B. Petitioner's convictions resulted from a detention that was not supported by the requisite probable cause requirement. U.S.C.A. Constitutional Amendment 4th.

Ms. Reese's prior statements to officers on the night of the offense indicate that she was "positive" of the license plate number and a vague description of suspect's vehicle. Neither was found to be **related to any vehicle that petitioner had access to at time of offense**. Ms. Reese, on a different occasion, stated that she was sure she could positively ID the suspect. She then identified another individual from mug shots, stating that he looked similar to the suspect. The individual and **this Petitioner do not resemble or look similar to each other.**

Probable cause exists where the totality of the facts within the knowledge of the affiant are sufficient to **warrant a person of reasonable cause to believe that the law has been violated**. Facts are defined by the truthfulness of statements and/or evidence that could be proven as factual. The claim "known facts" cannot stand on just the merits of claiming to know of a certain matter but must be supported by actual proof of validity of those facts (Franks v. Del)

In conjunction **with victim's previous statements to officers and her later identifying another** individual whom she stated looked similar to suspect but did not resemble Petitioner, after four years was unreasonably credible if she had, in fact, made alleged ID.
Jenkins v. Keating, **147 F3d 577,585 (4th cir. 1998)**
U.S. v. Rogers, 126 F.3d 655, 659 (5th cir. 1997)

"The standard of proof for probable cause is correlative to what must be proved."
Ker v. Cal., 374 U.S. 23, 33, 83 S. Ct. 1623m 1630m 19 L. Ed. 2d 726 (1963)
"Where the Fourth Amendment demands a factual showing sufficient to comprise probable cause, the obvious assumption is that there will be a truthful showing."

Franks v. Del., 438 U.S. 154 L. Ed 2d 667, 98 S. Ct. 2674 (1978)

C. Petitioner's claims that his counsel was ineffective assistance in violation of the Constitution. U.S.C.A. Constitutional Amendment 6th (Strickland v. Washington)

The type of breakdown in the adversarial process that implicates the Sixth Amendment is not limited to counsel's performance as a whole, specific errors and omissions may be the focus of a claim of ineffective assistance as well.

Under the test employed by the court of appeals, reversal is required even if the lawyer's actual performance was flawless. If counsel fails to entirely subject the prosecutor's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversarial procedure presumptively unreliable.

If the process loses its character as a confrontation between adversaries, the Constitutional guarantee is violated.
U.S.C.A. Const. Amend. 6th.

Counsel's apparent willingness to accept the prosecution's version of the facts concerning the out-of-court identification at least calls into question the adequacy of his representation. When this is combined with the equally disturbing fact that he failed to preserve for appeal the claims made here, it is clear that counsel's representation was constitutionally ineffective.
Kimmelman, 477 U.S. 365, 375-76, 106 S. Ct. 2574, 2583 91 L. Ed 2d 305 (1986) See also Strickland.

It is noted that defense counsel was aware of who the victim was and had her address.
Soffer v. Dretke, 368 F.3d 441 (CA.5 2004)

Defense counsel's failing to pursue an evidentiary hearing requiring the in-court testimony by Ms. Reese, which may have exposed unlawful suggestiveness, coercion, and/or fabrication by the state's agents, as well as the issue of mistaken identification by Ms. Reese, shows just how ineffective counsel was.
Towey v. Gammond, 49 F.3d 693 (CA.7 1996)
Eldridge v. Atkins, 665 F.2d 228 (CA. 8 1981)

Counsel as a professional obligation both legal and ethical to explore and investigate a client's case. Failing to take the most elementary steps to interview the alleged identifying victim of a crime must be found to be ineffective assistance.
U.S.C.A. Const. Amend. 6th

In conclusion:
In accordance with the standard of review under 28 U.S.C. 2254(d)(1), the decisions by the state courts to ignore the issues mentioned in petitioner's writ of habeas corpus, without an evidentiary hearing to effectively adjudicate constitutional claims, was unreasonable and contrary to the standard set forth in the AEDPA and the constitution.

Petitioner has identified increments of incorrectness beyond the obvious errors.
Francis S. v. Stone, 221 F.3d 100, 111 (2d cir 2000)

Stone v. Powell, 428 U.S. 465, 494 (1976) is not absolute, where the exception for instance is when petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state court system.
Palmigana v. Houle, 618 F.2 877, 881-82 (1st cir. 1980)
Breest v. Helgemoe, 579 F.2d 95, 98 (1st cir. 1978)

Petitioner's claim survives the exception passage of the AEDPA.

The state failed to allow petitioner a full and fair opportunity to litigate his Fourth Amendment claims and denied him his due process of law when they solicited the hearsay testimony of Detective Cammack failing to call Ms. Reese in order to subject her to confrontation and cross examination.

Defense counsel's conduct lacked the adversarial confrontation required by the Sixth Amendment as well as his failing to preserve these claims for appeal purpose is clearly constitutional violations.

Wherefore, petitioner moves this Honorable Couth to enter a final judgment granting petitioner's federal writ of habeas corpus according to 28 U.S.C. 2254(d)(1) which governs the granting of a writ of habeas corpus for applicants in state custody.

08/11/14

John R. Pitts, Jr. M13166
Menard Correctional
P.O. Box 1000
Menard, IL 62259